■ WILLIAM J. DUNNE, Appellant, v JOAN R. DUANE, Respondent. — In an action to impress a trust upon, and compel the sale of, a former marital premises, plaintiff appeals from an order of the Supreme Court, Nassau County (Young, J.), dated November 18, 1981, which dismissed the complaint for failure to state a cause of action. Order affirmed, without costs or disbursements. The parties were divorced in 1980 following an action brought by the defendant herein in which the plaintiff husband defaulted. The judgment of divorce, entered April 2, 1980, gave exclusive possession of the marital premises to the defendant wife. On September 23, 1981 plaintiff commenced the instant action to impress a trust upon, and compel the sale of, the property, alleging that the parties originally held the property as tenants by the entirety and that in 1977 he conveyed his one-half interest to defendant under an alleged agreement that she would reconvey the property to him upon demand. In October, 1980 defendant had moved to recover arrears in child support under the judgment of divorce, and plaintiff had cross-moved to vacate his default in the divorce action and for leave to serve an answer and counterclaims. On March 17, 1981, in Special Term, Nassau County, before Justice Burstein, the parties had entered into a stipulation whereby plaintiff withdrew with prejudice his cross motion to open the default and defendant withdrew with prejudice her motion for arrears. By this stipulation, plaintiff expressly waived all defenses and counterclaims to the divorce judgment. The present action to impress a trust upon, and to compel the sale of, the marital premises represents what could have been a counterclaim in the action for a judgment of divorce. Consequently by his own stipulation, plaintiff has waived any right to bring the instant action. For the foregoing reasons it is unnecessary to consider the constitutionality of section 176 of the Domestic Relations Law which was repealed on May 29, 1981. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.